## 18671

Stephen L. SQUIRES, Respondent, v. SOUTH CAROLINA LAW ENFORCEMENT DIVISION and Sheriff R. F. Dukes, Appellants

(155 S. E. (2d) 859)

*Messrs. Daniel R. McLeod,* Attorney General, of Columbia, and *Julian S. Wolfe,* Solicitor, of Orangeburg, *for Appellants,*

*Messrs. Jefferies & Groves,* of Greenwood, and *Brown & Brown,* of Ridgeland, *for Respondent,*

July 5, 1967.

Moss, Chief Justice.

It appears that on December 30, 1966, officers representing the South Carolina Law Enforcement Division and Sheriff R. F. Dukes of Orangeburg County, conducted a raid on a dairy barn and found therein and seized nineteen complete slot machines and in addition thereto certain slot machine parts, subassemblies, dies and molds. Stephen L. Squires, the admitted owner, the respondent herein, brought this claim and delivery action to recover possession of the machine parts, subassemblies, dies and molds, alleging that they were not subject to seizure and destruction under Sections 5-621 and 5-622 of the Code.

The South Carolina Law Enforcement Division and Sheriff R. F. Dukes, the appellants herein, assert that the machine parts, subassemblies, dies and molds are component parts pertaining to slot machines, the possession of which is unlawful under Section 5-621 of the Code and are, therefore, contraband and subject to seizure and destruction under Section 5-622 of the Code.

This case came on for trial before The Honorable Louis Rosen, Resident Judge, and he held that the machine parts, subassemblies, dies and molds seized by the appellant were not subject to seizure and destruction under the provisions of Sections 5-621 and 5-622 of the Code, and ordered the return of such parts, subassemblies, dies and molds to the respondent.

When this case was tried, the respondent admitted that the nineteen complete slot machines that were seized were gambling devices. It was stipulated that the parts seized

could be used in slot machines and the dies and molds were used for the purpose of manufacturing such parts. The witnesses for the appellants testified that the parts are slot machine equipment. Chief J. P. Strom testified that the respondent admitted to him that the parts seized were for slot machines. The respondent, when he testified, admitted that he told Chief Strom the parts in question were for slot machines.

The question, preserved by the exceptions of the appellants, is whether the trial judge was in error in holding that the machine parts, subassemblies, and the dies and molds used to make such parts, were not subject to seizure and destruction under Sections 5-621 and 5-622 of the Code.

Section 5-621 of the Code makes it unlawful for any person to keep on his premises any slot machine or other device pertaining to games of chance of whatever name and kind, and Section 5-622 provides that any slot machine or other device pertaining to games of chance prohibited by Section 5-621 shall be seized by any officer of the law and at once taken before any magistrate of the county in which such machine or device is seized, who shall immediately examine it and if he is satisfied that it is in violation of said section or any other laws of this state, he shall direct that it be immediately destroyed.

The nineteen slot machines seized by the appellants from the premises of the respondent were gambling devices *per se*. This is admitted by the respondent. This being true the said nineteen slot machines were subject to seizure and destruction as provided by the aforesaid cited statute. The only reasonable conclusion from the evidence in this case and the stipulation made by the parties is that the machine parts, subassemblies, dies and molds were possessed for use in connection with and pertained to slot machines which were gambling devices.

It is the contention of the respondent that the seized articles heretofore referred to are not subject to confiscation and

destruction under Sections 5-621 and 5-622 of the Code, which make it unlawful for any person to keep on his premises any slot machine or other device pertaining to games of chance and provides for their confiscation and destruction. The trial judge held that the aforesaid statute did not provide for the seizure and destruction of subassemblies or essential parts for a gambling device.

All rules for statutory construction are servient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used which must be construed in the light of the intended purpose of the statute. *Bohlen v. Allen,* 228 S. C. 135, 89 S. E. (2d) 99. It would seem somewhat paradoxical and anomalous for the Legislature to prohibit the possession of a gambling device and direct its seizure and destruction and allow the possession of the component parts thereof and not direct their seizure and destruction.

The statute does not require that the gambling devices be operative or in complete repair before they are subject to seizure and destruction. In *State v. Appley,* 207 S. C. 284, 35 S. E. (2d) 835, 162 A. L. R. 1184, there was an appeal from a conviction and sentence for violation of Section 1301-1 of the 1942 Code, which is now codified as Sections 5-621 and 5-622 of the 1962 Code of Laws. This court affirmed the conviction of Appley for having possession of gambling devices known as "pinball machines" even though the said machines were in varying degrees of disrepair and none were completely ready for operation. It was further held that the statute contains no requirement that in order to constitute a violation of it an objectionable machine must be kept for the purpose of operation and it was proper for the Legislature, in order to prevent the use of a device for gambling, to prohibit its possession or ownership.

It is clear that the Legislature, by the enactment of the statutes here involved, did condemn any devices pertaining

to games of chance. We think it would abort the legislative purpose to hold that an assembled gambling device is the only one that is condemned and subject to seizure and destruction and to permit the subassemblies and component parts, and the dies and molds for the making of such to escape the condemnation of the statutes. To, so construe the statutes would lead to a result so plainly absurd that it could not have possibly been intended by the Legislature and such would defeat the legislative intention.

It is our conclusion that the machine parts, subassemblies, and the dies and molds used to, make such parts, are subject to seizure and destruction under the statutes heretofore cited. The trial judge was in error in not so holding.

The judgment of the lower court is reversed.

Reversed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.